UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KABA DIAWARA

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.

Respondents.

Case No.: 26-cv-2025-BJC-AHG

**ORDER GRANTING PETITION OF HABEAS CORPUS**

**[ECF No. 14]**

Before the Court is Kaba Diawara's ("Petitioner") Petition for a Writ of Habeas Corpus that was filed on March 31, 2026. ECF No. 1. On April 20, 2026, Petitioner filed an Amended Petition for Writ of Habeas Corpus. ECF No. 7. Respondents filed a Return to the Petition, ECF No. 10, and Petitioner filed a Traverse. ECF No. 12. For the reasons set forth below, the Petition is **GRANTED.**

## I. BACKGROUND

Petitioner is a native and citizen of Guinea who entered the United States without inspection and was apprehended upon entry on June 13, 2025. ECF No. 10 at 2. On August 18, 2025, Petitioner was issued a Notice to Appear, thereby initiating immigration proceedings pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* On January 6, 2026, an Immigration Judge ("IJ") ordered Petitioner to be removed to Uganda. *Id.* Petitioner did not file an appeal to the Board of Immigration Appeals, and the IJ's order became final on

February 5, 2026. *Id*; ECF No. 10 at 4. Petitioner has continued to remain in detention since his arrival on June 13, 2025. *See* ECF No. 13 at 2. For the following reasons, the Court **GRANTS** the Petition.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

### A. Detention under 8 U.S.C. § 1231

Section 1231 governs the arrest and detention of noncitizens subject to a final removal order. *See* 8 U.S.C. § 1231. It directs the Attorney General to effectuate removal "within a period of 90 days," known as the "removal period," during which detention is authorized. § 1231(a)(1)–(2). In *Zadvydas,* the Supreme Court clarified that detention beyond the removal period is presumptively lawful for up to six months; after that, a noncitizen may make a prima facie case for relief by sharing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," at which point the burden shifts to "the Government [to] respond with evidence sufficient to rebut that showing." 533. U.S. at 701.

The Court finds that Petitioner has satisfied his burden under *Zadvydas*. Petitioner was ordered removed on January 6, 2026, ECF No. 10 at 2, and the six-month presumptive detention period has expired. While Respondent notes efforts from ERO to obtain travel

documents, it has not shown that Uganda has agreed to or will agree to accept the Petitioner. *See generally* ECF No. 10 at 2-3. The Court finds that mere good-faith efforts are insufficient under *Zadvydas*. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1081–82 (9th Cir. 2006) (holding that the government lacked authority to detain an individual indefinitely under § 1231 where removal was not reasonably foreseeable despite ongoing diplomatic efforts). Continued detention must be justified by a significant likelihood of removal within a reasonably foreseeable period, and Respondents have failed to meet that standard.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that Petitioner's continued detention is unlawful. Petitioner's Writ of Habeas Corpus is **GRANTED.** Respondents shall immediately release Petitioner. The Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated: September 14, 2026

Honorable Benjamin J. Cheeks
United States District Judge